ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. |
| WILLIAM THOMAS ENGLE, JR. (01) a/k/a "Tom Engle" | 4:25-cr-227-P |

# INDICTMENT

The Grand Jury charges:

At all times material to this Indictment:

## Introduction

1. Beginning in or about June 2020, and continuing until in or about January 2022, **William Thomas Engle, Jr.**, a.k.a. Tom Engle, along with Christopher Reinhard Brown, and others known and unknown, defrauded victims out of millions of dollars.

2. Specifically, **Engle** worked with Brown and his company, Brown Capital Funding International ("BCFI"). BCFI promised high-dollar loans to victims so long as victims provided up-front cash to the lender as a show of good faith. **Engle** assured the victims that their money would be kept safe in a secure Good Faith account and returned at a future date.

3. In fact, the Good Faith funds were never sent to a secure account. Instead, once victims wired the Good Faith funds to accounts owned and controlled by **Engle**, **Engle** and others split the victims' funds and used them for their own personal benefit.

Indictment – Page 1

4. **Engle** never returned the Good Faith funds to victims and victims never received any loans.

## Parties

5. At all times relevant to the conspiracy **William Thomas Engle, Jr.**, a.k.a. Tom Engle, ("**Engle**") was a resident of Southlake, Texas.

6. At all times relevant to the conspiracy Christopher Reinhard Brown ("Brown") was a resident of Atlanta, Georgia.

7. Nottingham Ventures, LLC ("NHV") was a company established, owned, and controlled by **Engle** for the purpose of furthering the fraudulent scheme described below.

8. Brown Capital Funding International ("BCFI") was a company established, owned, and controlled by Brown, and was registered in the state of Georgia, purporting to be a "leading private equity firm." In reality, BCFI was a sham company set up for the purpose of furthering the fraudulent scheme described below.

9. Victim 1, Victim 2, and Victim 3 were customers of BCFI.

Scheme to Defraud

10. Beginning in or about June 2020, and continuing until in or about at least January 2022, in the Fort Worth Division of the Northern District of Texas and elsewhere, defendant **William Thomas Engle, Jr.**, a.k.a. Tom Engle, along with Christopher Reinhard Brown, together with others known and unknown, knowingly and willfully devised a scheme to defraud loan applicants and investors.

11. Brown owned and operated BCFI. According to BCFI's website, BCFI was a private equity firm that purported to provide 100% funding of loans with no maximum loan amount and a minimum loan amount of $40 million.

12. BCFI required that loan applicants put 25% of the requested loan amount into a "Good Faith Account," ("GFA") prior to them funding the loan.

13. **Engle** worked with Brown and BCFI as a broker. As a broker, **Engle** purported to establish the GFA accounts and work with loan applicants to fund the 25% payment into the GFAs.

14. If a loan applicant could not afford 25%, **Engle** would assist the loan applicant in obtaining the necessary funds from outside investors.

*Loan Victims*

15. **Engle** and Brown defrauded Victim 1, Victim 2, and Victim 3 (the "Loan Victims") by promising them loans through BCFI, collecting GFA funds in order to secure the loans, and never providing the loans while keeping the GFA funds for themselves and others.

16. **Engle** told the Loan Victims that BCFI would provide them loans but that they would need to deposit at least 25% of their sought after loan amounts into a GFA.

17. **Engle** represented to the Loan Victims that GFAs were a far less risky option than the traditional means of providing collateral or a down payment on a loan because the funds were not owned by a bank and could be withdrawn at any time.

18. **Engle** further represented that BCFI would not have access to the funds in the GFA other than to verify that a legitimate account was established.

19. **Engle** further represented to the Loan Victims that once BCFI verified the funds in the GFA, BCFI would immediately fund the loans.

20. **Engle**, through his business NHV, entered into contracts (e.g., "Consulting Agreements," and "Operating Agreements") with Loan Victims regarding their loans and the GFAs.

21. Based upon these fraudulent representations and promises, the Loan Victims, at the direction of **Engle**, wired a total of approximately $3 million into accounts owned and controlled by **Engle**, with the understanding that the money would be used to fund their GFAs.

22. Despite the Loan Victims sending their money to **Engle**, **Engle** never established the GFAs.

*Investor Victims*

23. **Engle** and Brown also defrauded investors (the "Investor Victims") by falsely promising returns on investment to investors who contributed to a BCFI loan applicant's GFA.

Indictment – Page 4

24. Specifically, **Engle** solicited Investor Victims to send funds to **Engle** for the purported purpose of funding GFAs for loan applicants when, for example, a loan applicant did not have the required 25% of the loan amount.

25. **Engle**, through his business NHV, entered into Buy-Sell Agreements that promised that Investor Victims would receive 125% of their initial contribution if the loan "funded." The Buy-Sell Agreements also promised that if the loan failed to fund, Investor Victims would receive their "initial contributions plus interest at the rate of 15% per annum."

26. Additionally, **Engle** falsely represented that he would contribute a large portion of his own funds into a GFA account should the Investor Victims contribute their own portion. In reality, **Engle** did not have the ability to contribute large sums of money into a GFA account.

27. **Engle** also represented to Investor Victims that their funds would go straight into a bank account where it would safely remain until BCFI funded the loan.

28. Based upon these fraudulent representations and promises, the Investor Victims, at the direction of **Engle**, wired approximately $5 million to accounts owned and controlled by **Engle**.

*Use of funds*

29. Despite the representations made to the Loan Victims and Investor Victims, **Engle** never transferred the victims' funds from his accounts to single purpose, secure GFAs.

30. Instead, **Engle** used the victims' funds to purchase personal luxury items, such as a yacht, vehicles, and jewelry.

31. Despite representations made to the victims that their money would be safe, none of the money was ever returned to the victims.

*Concealing the Scheme*

32. In order to conceal the scheme, **Engle** emailed the Loan Victims and Investor Victims fraudulent bank statements purporting to show that the victims' funds were being stored in a secure account. **Engle** knew these bank statements were fraudulent because he knew he had never transferred the victims' money to these accounts.

33. **Engle** and Brown also provided false excuses to the victims via email as to why BCFI never funded the loans. In some instances, **Engle** directed Brown as to what to say to the victims. **Engle** sent Brown text messages with a false excuse written as if to appear it came from Brown. **Engle** instructed Brown to send the false excuse to the victims. Brown then rewrote verbatim text messages from **Engle**, sent them via email from Brown's email account to make it appear as if Brown composed them.

34. **Engle** urged the victims via email to leave their money in their GFAs while knowing that the GFAs did not exist and that he had already spent their money.

35. As a result of the scheme, **Engle** stole all of the approximately $8 million in funds received from the victims.

## Counts One through Three
## Wire Fraud
### (Violation of 18 U.S.C. § 1343)

36. The Grand Jury realleges the allegations set forth in the preceding paragraphs of this indictment.

37. Beginning in or about June 2020, and continuing until in or about January 2022, in the Fort Worth Division of the Northern District of Texas and elsewhere, defendant **William Thomas Engle, Jr.**, a.k.a. Tom Engle, along with Christopher Reinhard Brown, together with others known and unknown, with intent to defraud, knowingly devised and intended to devise the aforesaid scheme and artifice to defraud loan applicants and investors, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

38. For each count listed below, on or about the date specified, in the Fort Worth Division of the Northern District of Texas and elsewhere, the defendant, **William Thomas Engle, Jr.**, a.k.a. Tom Engle, along with Christopher Reinhard Brown together with others known and unknown, for the purpose of executing and attempting to execute the scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signals, signs and pictures, in that the victim listed below initiated a withdrawal of funds, resulting in an interstate wire transfer, as follows:

| COUNT | DATE[1] | INTERSTATE WIRE |
|---|---|---|
| 1 | September 11, 2020 | Wire transfer in the amount of $2,499,980 from Victim 1's CIBC Bank Account ending in 6416 in Toronto, Ontario, Canada to a Fidelity Bank Account ending in 5979 in Southlake, Texas, which was controlled by **Engle**. |
| 2 | April 23, 2021 | Wire transfer in the amount of $250,000 from Victim 2's JP Morgan Chase Bank Account ending in 8278 in Lake Forest, Illinois to a Fidelity Bank Account ending in 5979 in Southlake, Texas, which was controlled by **Engle**. |
| 3 | November 15, 2021 | Wire transfer in the amount of $300,000 from Victim 3's PNC Bank Account ending in 9333 in Boca Raton, Florida to a First National Bank Account ending in 1259 in Southlake, Texas, which was controlled by **Engle**. |

All in violation of 18 U.S.C. § 1343.

---

[1] Dates are approximate.

**Indictment - Page 8**

## Count Four
## Conspiracy to Commit Wire Fraud
### (Violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343))

39. The Grand Jury realleges and incorporates the allegations set forth in Paragraphs 1 through 35 of this indictment.

40. Beginning in or about June 2020, and continuing until in or about January 2022, in the Fort Worth Division of the Northern District of Texas and elsewhere, defendant **William Thomas Engle, Jr.**, a.k.a. Tom Engle, did unlawfully and knowingly combine, conspire, confederate, and agree with Christopher Reinhard Brown, and others known and unknown, to commit wire fraud, in violation of 18 U.S.C. § 1343.

### Object of the conspiracy

41. The object and purpose of the conspiracy was to unjustly enrich **Engle** and Brown by: (a) fraudulently obtaining and stealing good faith funds from loan applicants with the false promise of a loan; (b) fraudulently obtaining investor funds with fraudulent misrepresentations regarding the nature of their loan-related investments; and (c) lying to victims regarding their funds to conceal the scheme.

### Manner and Means of the Conspiracy

42. The manner and means of the conspiracy to commit wire fraud included the conduct of defendant **Engle** as well as Brown described in Paragraphs 1 through 35 and Counts One through Three of this indictment.

All in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343).

## Counts Five through Seven
### Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity
(Violation of 18 U.S.C. § 1957)

43. The Grand Jury realleges and incorporates the allegations set forth in Paragraphs 1 through 35 of this indictment.

44. On or about the dates set forth below, in the Northern District of Texas, and elsewhere, the defendant, **William Thomas Engle, Jr.**, a.k.a. Tom Engle, did knowingly engage and attempt to engage in monetary transactions affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, a violation of 18 U.S.C. § 1343, the manner of which is as described in the chart below, and each transaction constituting a separate count:

| Count | Date[2] | Wire |
|---|---|---|
| 5 | September 14, 2020 | Wire transfer of approximately $209,815 from a Fidelity account ending in 0157 owned and controlled by **Engle** to United Yacht Sales for the purchase of a yacht. |
| 6 | December 20, 2020 | Debit card purchase in the amount of approximately $13,223 from a First National Bank account ending in 1390 owned and controlled by **Engle** to R & D Jewelers. |
| 7 | December 22, 2020 | Debit card purchase in the amount of approximately $32,887 from a Fidelity account ending in 4727 owned and controlled by **Engle** to R & D Jewelers. |

All in violation of 18 U.S.C. § 1957.

---

[2] Dates are approximate.

Indictment - Page 10

Forfeiture Notice
(18 U.S.C. § 982(a)(1), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c))

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any of the offenses alleged in Counts One through Four of this indictment, the defendant **William Thomas Engle, Jr.**, a.k.a. Tom Engle, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any of the offenses alleged in Counts Five through Seven of this indictment, the defendant **William Thomas Engle, Jr.** shall forfeit to the United States of America any property, real or personal, involved in such offense, or any property traceable to such property.

[continued on next page]

The items subject to forfeiture include but are not limited to the following:

2019 Jeep Wrangler; VIN 1C4HJXEG9KW651285

1 Ladies Rolex Oyster Perpetual Date Just Watch; Serial Number D951947

1 Vintage Style Diamond and Sapphire Pendant Necklace

2 Sapphire and Diamond Earrings

1 Aquamarine and Diamond Pendant Necklace

2 Aquamarine and Diamond Earrings

1 Diamond Eternity Necklace

1 Diamond Tennis Bracelet

2 Diamond Hoop Inside Out Earrings

Diamond Engagement Ring in 14k White Gold

A TRUE BILL.

_____
FOREPERSON

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

_____
BRANDIE WADE
Assistant United States Attorney
Texas State Bar No. 24058350
1100 Commerce Street, Third Floor
Dallas, Texas, 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: Brandie.wade@usdoj.gov

Indictment - Page 12

---

**No Warrant Needed.**

-------------------------------------------------------------------------------------------------

_____
UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THE UNITED STATES OF AMERICA

v.

WILLIAM THOMAS ENGLE, JR. (01)
a/k/a "Tom Engle"

INDICTMENT

18 U.S.C. § 1343
Wire Fraud
Counts 1 – 3

18 U.S.C. § 1349 (18 U.S.C. § 1343)
Conspiracy to Commit Wire Fraud
Count 4

18 U.S.C. § 1957
Engaging in Monetary Transactions in Property Derived from Specified
Unlawful Activity
Counts 5 – 7

18 U.S.C. § 982(a)(1), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c))
Forfeiture Notice

A true bill rendered

_____
DALLAS                                                                                          FOREPERSON

Filed in open court this __3__ day of September, 2025.